**IN THE UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF NORTH CAROLINA**
Civil Action No.

| | | |
|---|---|---|
| PETER JON BENSON,<br><br>Plaintiff,<br><br>vs.<br><br>DEFENSE HEALTH AGENCY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br>**(Jury Trial Demanded)** |

**NOW COMES** Plaintiff, by and through undersigned counsel, complaining of the Defendant and alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Peter Jon Benson ("Plaintiff" or "Dr. Benson") is a citizen and resident of Moore County, North Carolina.

2. Defendant Defense Health Agency ("Defendant" or "DHA") is an agency within the Executive Branch of the United States Government and is an employer as defined in 29 U.S.C. § 203(d).

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the laws of the United States.

4. Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district.

## FACTUAL BACKGROUND

5. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 4 above as if fully set forth herein.

6. Dr. Benson is an emergency medicine physician.

7. Dr. Benson has worked at Womack Army Medical Center located at Fort Bragg a/k/a Fort Liberty, North Carolina for a number of years.

8. Dr. Benson's annual basic pay totals $364,999.00.

9. Dr. Benson was emailed a salary breakdown by a Deputy Commander for Administration for Womack Army Medical Center.

10. Dr. Benson was then provided a DHA Service Agreement: Retention Incentive, which states that the DHA has determined under 5 U.S.C. 5754 and 5 CFR part 575, subpart C that unusually high or unique qualifications or a special need of the agency for the employee's services makes it essential to retain the employee and that the employee would be likely to leave federal service in the absence of an incentive, and the agency's mission requirements and the employee's competencies, the agency has a special need for the employee's services that makes it essential to retain the employee in his or her current position during a period of time before the closure or relocation of the employee's office, facility, activity, or organization; and the employee would be likely to leave for a different position in the Federal service in the absence of a retention incentive.

11. The effective date for the period of service was March 9, 2025.

12. The Agreement represents an agreement between the DHA and Dr. Benson, becoming effective upon Dr. Benson's assignment to the position.

13. The conditions of employment state that Dr. Benson will no longer be eligible for the retention incentive if he voluntarily ends his employment, is demoted, violates the terms of the agreement, or receives a performance rating record of less than "Fully Successful".

14. The Agreement further provides that said bonus shall be payable monthly.

15. The incentive percentage stated in the Agreement was 25%, also stated as $91,250 as total amount authorized.

16. Dr. Benson was accordingly incentivized to continue working as an emergency physician at Womack, and accepted the rate of pay, including the retention bonus, offered by Defendant.

17. Dr. Benson has continued to work as an emergency physician at Womack through present date.

18. Defendant failed to include Dr. Benson's retention incentive when calculating and disbursing his pay and Dr. Benson's retention incentive remains unpaid to present date.

19. Dr. Benson has repeatedly requested for his retention incentive be paid in communications with Defendant, to no avail.

20. Dr. Benson filed a complaint with the Department of Labor prior to instituting this action, under claim number 5102564.

**FIRST CLAIM FOR RELIEF – COUNT I**
**(Violation of Fair Labor Standards Act)**

21. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant is in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

23. Under the FLSA, a promised retention bonus is a nondiscretionary bonus, which Defendant was obligated to pay Plaintiff when the parties agreed on Plaintiff's terms of pay.

24. Defendants failure to provide a nondiscretionary retention bonus constitutes a violation of the FLSA.

25. As a direct and consequential result of Defendant's violation, Plaintiff is entitled to compensatory damages in an amount in excess of $75,000, attorney's fees, and any liquidated damages as permitted by 29 U.S.C. § 216.

## SECOND CLAIM FOR RELIEF – COUNT II
**(Breach of Contract)**

26. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 25 above as if fully set forth herein.

27. The written Agreement between the parties clearly delineates the terms and conditions between the parties regarding Dr. Benson's eligibility for the retention incentive.

28. The Agreement became effective upon Dr. Benson's assignment to the position and continued employment with Defendant.

29. Dr. Benson met all conditions as required by the parties' contract as he did not voluntarily end his employment, be demoted, violate the terms of the agreement, or receive a performance rating record of less than "Fully Successful".

30. Defendant has breached the contract between the parties by failing to pay the retention incentive to Dr. Benson as contracted for by the parties .

31. As a direct and consequential result of Defendant's breach of contract, Plaintiff is entitled to compensatory damages in an amount in excess of $75,000.

**WHEREFORE**, Plaintiff prays unto the Court as follows:

1. That the Plaintiff be awarded compensatory damages from Defendant in an amount in excess of $75,000;

2. That Plaintiff be awarded reasonable attorney's fees;

3. That Plaintiff be awarded an additional equal amount of wages as liquidated damages;

4. For a trial by jury on all issues so triable;

5. For interest at the legal rage; and

6. For such other and further relief as the Court deems just and proper.

This the 28th day of August, 2026.

**ROBBINS MAY & RICH LLP**
*Attorneys for Plaintiff*

By: ______________________________

William M. Van O'Linda, Jr.
North Carolina State Bar No.: 35624
120 Applecross Road
Pinehurst, North Carolina 28374
Telephone: (910) 692-4900
Facsimile: (910) 692-4286